UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANDREW J. ALLAM, SR.,

                            Plaintiff,

v.                                                              5:21-CV-0288
                                                                (GLS/ML)
SAMANTHA PHILLIPS; and AUTO
INS. CO., LIBERTY MUTUAL,

                            Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

ANDREW J. ALLAM, SR.
  Plaintiff, *Pro Se*
SCI Coal Township
1 Kelly Drive
Coal Township, Pennsylvania 17866


MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

        The Clerk has sent this *pro se* complaint together with an amended application to proceed *in forma pauperis* and motion for appointment of counsel filed by Andrew J. Allam, Sr. ("Plaintiff") to the Court for review.  (Dkt. Nos. 1, 4, 16.)  For the reasons discussed below, I deny Plaintiff's amended *in forma pauperis* application (Dkt. No. 16), deny Plaintiff's motion for appointment of counsel (Dkt. No. 4), and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed with leave to amend.

## I.      BACKGROUND

Construed as liberally[1] as possible, Plaintiff's Complaint alleges a wrongful death action

on behalf of his daughter, C.J.S.  (*See generally* Dkt. No. 1 [Compl.].)  The Complaint alleges

that an unnamed individual negligently caused C.J.S.'s death by failing to stop at a red traffic

light, failing to comply with New York traffic laws, unsafely operating an automobile, speeding,

failing to employ a seatbelt for a passenger, failing to seat a minor in the back seat, and failing to

ensure the safety of a child.  (*Id.*)  As relief, Plaintiff seeks monetary and punitive damages

against Samantha Phillips and Auto Insurance Company, Liberty Mutual (collectively

"Defendants").  (*Id.*)  In addition, Plaintiff requests "to file criminal charges against operator of

auto[mobile]."  (Dkt. No. 1 at 3.)  The Complaint alleges that the Court has jurisdiction based on

diversity.  (*See generally* Dkt. No. 1.)

## II.     PLAINTIFF'S AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS*

A civil action is commenced in federal district court by filing a complaint.  Fed. R. Civ.

P. 3.  The statutory filing fee must be paid at the time an action is commenced unless the plaintiff

seeks IFP status.  28 U.S.C. §§ 1914(a), 1915(a).  Where a prisoner files an IFP application, Rule

5.1.4 of the Local Rules of Practice for the Northern District of New York requires that he also

submit a completed and signed inmate authorization form.  N.D.N.Y. L.R. 5.1.4(b)(1)(B).

The statute governing a prisoner's application to proceed IFP in federal court, 28 U.S.C. §

1915, provides, in pertinent part, that an IFP request must be accompanied by "a certified copy

of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

---

[1]      The court must interpret *pro se* complaints to raise the strongest arguments they suggest.
*Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790
(2d Cir. 1994)).

period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  In accordance with Rule 5.4 of the Local Rules of Practice for the Northern District of New York, a prisoner seeking IFP status in a civil action may satisfy the statutory requirements by submitting a completed, signed, and certified IFP application.  N.D.N.Y. L.R. 5.1.4(b)(1)(A).  A "certified" IFP application is one on which the certificate portion at the bottom of the form has been completed and signed by an appropriate official at the plaintiff's facility. The certificate portion of the application requests information regarding funds and/or securities held on account to the inmate's credit over the preceding six months.  Accordingly, inmates requesting IFP status may either submit a completed, signed, and certified IFP application as provided in the Local Rules, or they may submit certified copies of their account statements for the six-month period immediately preceding the filing of a complaint as set forth in 28 U.S.C. § 1915(a)(2).[2]

Upon review, the Court finds that Plaintiff's amended IFP application is incomplete. Plaintiff has neither submitted a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint nor submitted a certified IFP application in accordance with the Court's Local Rules.[3]  To do away with these requirements would disregard a requirement clearly set forth in an Act of Congress.  *See* 28 U.S.C. § 1915(a)(2) (providing that the prisoner "shall" submit the information in question).

As a result, Plaintiff's amended IFP application is incomplete and must be denied.  (Dkt. No. 16.)  In light of Plaintiff's *pro se* status, I recommend that the Court allow him a **final**

---

[2]     Upon compliance with the filing fee requirements, the Court must also consider the plaintiff's request to proceed IFP in light of the "three strikes" provision of 28 U.S.C. § 1915(g).

[3]     The Court notes that Plaintiff has completed and filed the inmate authorization form in accordance with the Court's Local Rules.  (Dkt. No. 3.)

opportunity to file a renewed IFP application or pay the filing fee.  If Plaintiff wishes to renew his IFP application, he must, within thirty days of the Court's ruling on this Order and Report-Recommendation, submit either (1) a completed, signed, and certified IFP application, or (2) a completed and signed IFP application along with certified copies of his inmate account for the six-month period immediately preceding the filing of his Complaint.  If Plaintiff fails to timely comply, I recommend that this action be dismissed without prejudice.

## III.    LEGAL STANDARD GOVERNING INITIAL REVIEW OF A COMPLAINT

Ordinarily, the finding that Plaintiff does not qualify for IFP status would end the Court's discussion, and Plaintiff, in light of his *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as is discussed more completely below, I find that Plaintiff's Complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915 requires that the court dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]"  28 U.S.C. § 1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed.  *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint."  *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure.  More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and

common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that his claims be dismissed.[4]

A wrongful death claim is an exclusively statutory cause of action in New York.  *Hernandez v. New York City Health & Hosps. Corp.,* 78 N.Y.2d 687, 692 (N.Y. 1991).  New York has no common law cause of action for wrongful death.  *Hernandez*, 78 N.Y.2d at 692; *see Mann v. United States*, 300 F. Supp. 3d 411, 421-22 (N.D.N.Y. 2018) (D'Agostino, J.) ("New York common law does not recognize causes of action to recover damages for wrongful death

---

[4]     The Court notes that the Civil Cover sheet attached to the Complaint states that 42 U.S.C. § 1983 is the U.S. civil statute under which Plaintiff filed the Complaint.  (Dkt. No. 1, Attach. 1 at Heading VI.)  However, the Complaint fails to allege facts plausibly suggesting any action taken by a state actor or the exercise of some right or privilege created by the state.  *See Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and brackets omitted) ("State action requires *both* . . . the exercise of some right or privilege created by the State . . . *and*" the involvement of "a person who may fairly be said to be a state actor.").

separate from the statutory cause of action accorded to a decedent's distributees.").  The statute

governing causes of action for wrongful death lies in the Estates, Powers & Trusts Law, which

allows a decedent's personal representative, duly appointed, to "recover damages for a wrongful

act, neglect or default which caused the decedent's death against a person who would have been

liable to the decedent by reason of such wrongful conduct if death had not ensued."  N.Y. Est.

Powers & Trusts § 5-4.1(1).

     "Under New York law, to recover damages for wrongful death, a plaintiff must prove: (1)

the death of a human being; (2) a 'wrongful act, neglect or default of the defendant' that caused

the decedent's death; (3) the survival of distributees who suffered pecuniary loss by reason of the

decedent's death; and (4) the appointment of a personal representative of the decedent."  *Pub.*

*Adm'r of Queens County ex rel. Estate & Beneficiaries of Guzman v. City of New York,* 06-CV-

7099, 2009 WL 498976, at *5 (S.D.N.Y. Feb. 24, 2009) (citing *Chong v. New York City Transit*

*Auth.,* 441 N.Y.S.2d 24, 25-26 (N.Y. App. Div. 2d Dep't 1981)).

     Here, Plaintiff's Complaint alleges wrongful death claims against Defendants.[5]  (*See*

*generally* Dkt. No. 1.)  However, the Complaint fails to allege facts plausibly suggesting any

"wrongful act, neglect or default" by either Defendant that caused C.J.S.'s death.  (*Id.*)  In

addition, the Complaint fails to allege that Plaintiff—or any other distributee of C.J.S.—suffered

a pecuniary loss caused by C.J.S.'s death.  (*Id.*)

     As a result, I recommend that Plaintiff's Complaint be dismissed with leave to amend.[6]

---

[5]    To the extent that Plaintiff seeks to pursue criminal charges, the Court recommends that
those claims be dismissed.  *George v. Progressive Ins. Agency, Inc.*, 18-CV-1138, 2018 WL
4660379, at *3 (N.D.N.Y. Sept. 28, 2018) (Baxter, M.J.) (citing *Carvel v. Ross*, 09-CV-0722,
2011 WL 856283, at *11-12 (S.D.N.Y. Feb. 6, 2011)) (holding that there is "no private cause of
action to enforce either state or federal criminal statutes.").

[6]    The Court notes that Plaintiff also does not allege that he is "[t]he personal
representative, duly appointed in this state or any other jurisdiction."  N.Y. Est. Powers & Trusts

## V.     OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[7]

---

§ 5-4.1(1). However, "[l]ack of capacity to sue is a waivable affirmative defense that is raised 'by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.'" *Richards v. Johnson & Johnson, Inc.*, 17-CV-0178, 2018 WL 4214357, at *9 (N.D.N.Y. Mar. 30, 2018) (Sannes, J.) (quoting Fed. R. Civ. P. 9(a); citing *Wiwa v. Royal Dutch Petroleum Co.*, 01-CV-1909, 2009 WL 464946, at *4 (S.D.N.Y. Feb. 25, 2009)). "Generally, a pleading need not allege . . . a party's authority to sue . . . in a representative capacity." Fed. R. Civ. P. 9(1)(B). "However, if a lack-of-capacity objection is made and it is clear on the face of the complaint that the plaintiff lacks capacity to sue, dismissal under Rule 12(b)(6) is appropriate." *Richards*, 2018 WL 4214357, at *9 (citing *Machne Menachem, Inc. v. Hershkop*, 97-CV-2550, 2001 WL 984943, at *3 (E.D.N.Y. July 24, 2001) ("Courts in this Circuit have held that where a defect appears on the face of the complaint, a motion under Rule 12(b)(6) is the appropriate means for asserting a lack of capacity to sue."); *Estate of Vaiselberg ex rel. Vaiselberg v. Snow*, 02-CV-6235, 2003 WL 1878248, at *1 (S.D.N.Y. Apr. 14, 2003) ("The motion is granted pursuant to Rule 12(b)(6), for the complaint and an attachment thereto plainly show that Vaiselberg lacks capacity to bring this action on behalf of his mother's estate.")).

[7]      *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171

This Court has serious doubts about whether Plaintiff can amend to assert actionable claims against Defendants.  However, in this case, I am unable to conclude with certainty that if permitted leave to amend his Complaint, Plaintiff could not assert a plausible claim.  Accordingly, I recommend that leave to amend be granted.

If Plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'"  *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.).  Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act.  In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.  *See Shields*

---

F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

*v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

## VI.    PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also submitted a request for appointment of counsel.  (Dkt. No. 4.)  The application does not indicate whether Plaintiff has been unsuccessful in his efforts to obtain counsel on his own from the private sector and is thus deficient.  (*Id.*)

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case."  *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance.  A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious."  *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own

facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action. As such, the Court cannot find that Plaintiff's claims are likely to be of substance. Plaintiff's motion (Dkt. No. 4) is therefore denied.

**ACCORDINGLY**, it is

**ORDERED** that the amended application to proceed *in forma pauperis* (Dkt. No. 16) is **DENIED without prejudice and with leave to renew**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED without prejudice and with leave to renew**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's claims, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[8]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[9] Such objections shall be filed with the

---

[8]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[9]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

**DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).


Dated: February 28 , 2022
       Binghamton, New York


Miroslav Lovric
U.S. Magistrate Judge